Michael W. Bruzas, Constance K. Bruzas and Christopher A. Bruzas, Plaintiffs,

v.

Cipriano Quezada-Garcia and Elida Torres, Defendants,

American Family Mutual Insurance Company, Defendant-Appellant,

Employers Insurance of Wausau, Subrogated Party,

Underwriters Laboratories, Inc., Subrogated Party-Respondent.

Supreme Court

*No. 00–0043. Oral argument September 12, 2001.—Decided December 4, 2001.*

2001 WI 127

(Also reported in 637 N.W.2d 34.)

For the defendant-appellant there were briefs by *Thomas M. Devine, JoAnne M. Breese-Jaeck* and *Hostak, Henzl & Bichler, S.C.,* Racine, and oral argument by *JoAnne M. Breese-Jaeck.*

For the subrogated party-respondent there was a brief by *Thomas H. Koch* and *Law Offices of Thomas H. Koch,* Milwaukee, and oral argument by *Thomas H. Koch.*

An amicus curiae brief was filed by *John H. Bowers, Aaron N. Halstead* and *Shneidman, Hawks & Ehlke, S.C.,* Madison, on behalf of the Wisconsin Masons' Health Care Fund and Local #383 Ironworkers Health Care Plan.

¶ 1.   PER CURIAM. This case is before the court on certification from the court of appeals pursuant to Wis. Stat. § (Rule) 809.61 on the question of "whether

an ERISA health benefit plan must expressly confer discretion to the plan administrator before a reviewing court owes deference to the administrator's interpretations of the plan and actions taken under the plan."

¶ 2.  The underlying issue is whether the subrogation clause in Underwriters Laboratories' ERISA plan allows subrogation where the plan beneficiary has not been made whole. We accepted the court of appeals' certification on the standard of review question noted above.

¶ 3.  At oral argument, counsel acknowledged that the record contains no explicit subrogation determination by the plan administrator, nor any explicit interpretation of the plan's subrogation language by the plan administrator. While a determination or interpretation might be implicit in Underwriters Laboratories' subrogation claim, counsel conceded that the plan administrator has not in fact issued a determination or interpretation of the plan's subrogation clause. As such, a decision about the applicable standard of review upon judicial review is premature. We therefore dismiss the certification as improvidently granted and remand the case to the court of appeals for proceedings consistent with this opinion.

*By the Court.*—The certification from the court of appeals is dismissed as improvidently granted and the cause remanded to the court of appeals.